IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO KING PARKER III,

    Petitioner,                                    No. CIV S-01-1862 GEB DAD P

    vs.

GAIL LEWIS, Warden, et al.,

    Respondent.                                ORDER

/

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. One of petitioner's claims is that he received ineffective assistance of trial counsel because of counsel's failure to object to several of the prosecutor's questions during her cross-examination of petitioner. On April 7, 2005, this court issued findings and recommendations which recommended that petitioner's application be denied. On April 21, 2005 and May 25, 2005, the court granted petitioner a thirty-day extension of time to file objections to the findings and recommendations. On June 20, 2005, petitioner filed a motion to hold his habeas petition in abeyance while he exhausts an additional claim in state court.

/////

/////

1

In a footnote contained in the April 7, 2005 findings and recommendations in connection with this court's analysis of petitioner's claim of ineffective assistance of counsel, the court stated as follows:

> As part of the "supporting facts" for this claim, petitioner summarizes the conduct of the prosecutor and concludes that her cross-examination was so egregious as to deprive petitioner of a fair trial. (Pet. at 5a.) Respondent argues that, to the extent petitioner is attempting to raise a separate claim of prosecutorial misconduct, such a claim has not been exhausted in state court and therefore cannot be raised in this court. (Answer at 8-9.) The court does not construe petitioner's remarks regarding the prosecutor's actions as a freestanding claim of prosecutorial misconduct. Rather, petitioner is simply attempting to explain why his trial counsel should have objected to the prosecutor's cross-examination at an earlier point in time. Petitioner's claim before this court is clearly defined as alleging ineffective assistance of trial counsel and nothing more. (See Pet. at 5.) Even if petitioner is attempting to raise a claim of prosecutorial misconduct in this court, such a claim would lack merit and should be denied. After a review of the record, and for the reasons explained below, this court does not find that the prosecutor's conduct rendered petitioner's trial fundamentally unfair. See Darden v. Wainwright, 477 U.S. 168, 183 (1986) (a defendant's due process rights are violated only if prosecutorial misconduct renders a trial "fundamentally unfair").

In his June 20, 2005 motion for stay, petitioner explains that he now wishes to exhaust a claim of prosecutorial misconduct, as described above. He contends that "the prosecutor's egregious tactics had a profound effect on the outcome of his trial." (June 20, 2005 mot. for stay, at 2.)

In Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005), the United States Supreme Court approved the "stay and abeyance" procedure whereby a federal district may stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. However, the court limited the applicability of this procedure to situations were the petitioner has good cause for his failure to exhaust, his unexhausted claim[s] are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. Id. at 1531. See also Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807, 1813-1814 (2005). Petitioner has failed to satisfy the tests set forth in Rhines.

Petitioner does not explain why he failed to exhaust a claim of prosecutorial misconduct in state court or to pursue such a claim in this court, even though respondent mentioned this claim in his answer, filed January 22, 2002.  Further, as explained in the footnote contained in the findings and recommendations, this court has determined that petitioner has no chance of obtaining relief on any such claim of prosecutorial misconduct.  See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court may deny relief on the merits of an unexhausted claim only when it is clear that the petitioner has no chance of obtaining relief.)   In light of the above, petitioner has failed to demonstrate good cause for his failure to exhaust a claim of prosecutorial misconduct or that his unexhausted claim is potentially meritorious.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 20, 2005 motion to hold his petition in abeyance is denied; and

2. Petitioner is granted thirty days from the date of this order in which to file and serve objections to the April 7, 2005 findings and recommendations.

DATED: July 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:parker1862.o

---

[1]  This court has also found that petitioner did not properly raise a claim of prosecutorial misconduct in the petition before the court.  To the extent that petitioner wishes to amend the petition to add a new claim, his claim may not be timely filed.  See Mayle v. Felix, ___ U.S. ___, 125 S. Ct. 2562 (2005) (an amended habeas petition does not relate back to the original petition, and thereby avoid the one-year statute of limitations contained in 28 U.S.C. § 2244(d) (1), when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading).