IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO KING PARKER III,

    Petitioner,                   2:01-cv-01862-GEB-DAD-P

  vs.

GAIL LEWIS, Warden, et al.,

    Respondents.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On April 7, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. On April 21, 2005, May 25, 2005 and August 15, 2005, petitioner

1

was granted an additional thirty days to file his objections.  On September 7, 2005, petitioner filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case and has reviewed the declaration of Marilyn R. Mobert, attached as an exhibit to petitioner's September 7, 2005 objections.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.   The findings and recommendations filed April 7, 2005, are adopted in full; and

2.   Petitioner's application for a writ of habeas corpus is denied.

Dated:   September 19, 2005

<pre>                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge</pre>

---

[1] In his objections to the findings and recommendations, petitioner appears to be raising claims that were not contained in the petition before this court. Specifically, petitioner argues, for the first time, that: (1) the trial court erred in failing to dismiss a juror for cause; (2) the trial court erred when it failed to admonish the jury that the prosecutor committed misconduct during her cross-examination of petitioner; and (3) the prosecutor systematically excluded all female African-Americans from the jury.  These claims are unexhausted, unsupported by citation to the record, and are inappropriately raised in petitioner's objections.  Accordingly, this court will not address them.

2